UNITED STATES v. 1,590 CASES OF TOMATO PULP.

(District Court, E. D. Pennsylvania. January 23, 1919.)

No. 5620.

1. FOOD ⊜⊃2—PENAL STATUTE—CONSTRUCTION.
    Food and Drugs Act June 30, 1906 (Comp. St. §§ 8717–8728), being highly penal, District Court cannot read into it imposition of anything which partakes of nature of punishment, not to be found in law.

2. COURTS ⊜⊃78—RULES GOVERNING PRACTICE—POWER OF SUPREME COURT.
    Supreme Court of United States has statutory authority to indicate and promulgate rules to govern admiralty practice, which power it has exercised.

3. FOOD ⊜⊃24—LIBEL UNDER FOOD AND DRUGS ACT—COSTS.
    Under Food and Drugs Act June 30, 1906 (Comp. St. §§ 8717–8728), on libel of tomato pulp by United States, intervening claimants, who did not stipulate to pay costs and expenses, expense of custody having exceeded all money value involved, so that they acquiesced in government's securing decree of destruction, were not subject to decree in personam for costs, despite rule 26 of Supreme Court (29 Sup. Ct. xlii).

Proceeding by the United States against 1,590 Cases of Tomato Pulp. On the government's motion for decree for costs. Motion denied.

Francis Fisher Kane, U. S. Atty., and Robert J. Sterrett, Asst. U. S. Atty., both of Philadelphia, Pa.
Chester N. Farr, Jr., of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. This proceeding is founded upon the Food and Drugs Act of June 30, 1906, c. 3915, 34 Stat. 768 (Comp. St. §§ 8717–8728). The record discloses a libel and answer. The issues thus raised were never determined, because of a very practical situation which arose. The obstacle thus presented to the proceedings being pushed to a conclusion was borne of the fact predicament that the expense of the custody of the things which had been seized exceeded all money value which the questions at issue could possibly have to the respondents. In consequence of this they acquiesced in the government's securing a successful conclusion of the proceedings. The question of expense had by this time become of such practical importance that the United States now asks for a decree in personam against the respondents for costs, included in the taxation of which is the expense to which reference has been made. The respondents deny such personal liability. A working arrangement was then reached by which the proceedings could terminate in a decree in favor of the United States, with this question of the liability of the respondents reserved to be determined by the court. This presents the question involved in the present motion.

The Food and Drugs Act, among its obvious purposes and objects, has in view the condemnation of food articles, if unfit for consumption as food. The act contemplates the seizure of the articles, and eventually their possible destruction after condemnation. There is a provision for the further possible fact situation that the articles, al-

⊜⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

though properly subject to condemnation because unfit for food consumption, may have, a value for other uses, and any claimant of the articles may have possession of them by giving bond that no future use of them will be made which is prohibited by law. The proceedings are initially by libel, and by the tenth section of the act are required to conform "as near as may be" to proceedings in admiralty. There would seem to be no doubt that the proceeding in the first instance is one in rem. The practice indicates this by the libel being filed wholly against the rem.

The question arising in this case does not ordinarily arise, for the reason that, when a claimant intervenes, he accompanies his intervention with a bond, under the conditions of which he has made himself responsible for costs. His liability is in further consequence a contractual liability, and hence no question of its existence arises. In the present case no such bond was given, and its absence is the absence of contractual liability. The question before us, therefore, is not whether the claimant is liable for costs, when he has agreed to be so liable, but whether he is liable without such an agreement; in other words, whether in a proceeding in rem a decree in personam for costs can be entered against him. Notwithstanding that the proceeding in its origin is a proceeding in rem, as under section 10 it is to follow like proceedings in admiralty, and as we have in admiralty practice proceedings both in rem and in personam, and a proceeding which begins as a proceeding in rem may be transformed into a proceeding in personam, the like change may occur in these proceedings.

[1] We thus reach one of the subsidiary questions which arises. The Food and Drugs Act is not only unquestionably a penal statute, but it is highly penal. We therefore cannot read into it the imposition of anything which partakes of the nature of punishment which is not to be found in the law. Moreover, in looking for the meaning of the law in the sense of what was intended by Congress, as it is evidently intended that property may be destroyed, and therefore whatever value it has be lost to the owner, it is fair to assume that, if Congress had intended that, in addition to suffering this loss, the owner should also be at the expense of the proceedings, it would have so enacted in clear terms. It would follow from this that liability for costs, if not to be found directly in the act itself, could not be found by indirect search for it in the admiralty practice.

[2] The Supreme Court has unquestioned statutory authority to enact and promulgate rules to govern admiralty practice. This power it has exercised. A pertinent rule is rule 26 (29 Sup. Ct. xlii). This relates to proceedings in rem. It contemplates that some one may intervene in the person of a claimant of the property libeled, and requires in the making of any such claim that he shall file a stipulation, with sureties, for the payment of costs and expenses, the payment of which by him may ultimately be decreed.

[3] This rule in its terms is of no aid to us, because, in the present case, no such stipulation was entered. Counsel for the United States seem to concede that the liability for costs, if any rests upon the following propositions: The rules promulgated by the Supreme

Court are the equivalent of statutes and have the binding force of such. We are therefore to read into the law the provisions of rule 26. In further consequence a claimant cannot intervene, except, upon condition that he stipulates to pay the costs and expenses. When, therefore, he does intervene, he makes this stipulation, and the fact that it is given without sureties, or is not in writing, does not affect the legal result, which is that he has stipulated to pay the costs and expenses.

Aside from the question before suggested of whether a liability which was not in the Food and Drugs Act could be thus inserted into it, the conclusion reached may be characterized as a non sequitur. It is true that the claimant cannot, intervene without entering into the stipulation. It is not true, or at least not clear, that if he does intervene he enters into the stipulation. The truth would seem to be that if he does not enter into the stipulation he has not intervened, and if he has not intervened there can be no pretense that he has agreed to pay costs and expenses. The question suggested of what is the real situation may be answered by the test of applying a remedy for the omission. If a petition to intervene be filed without a compliance with rule 26, and a motion were made to strike the petition from the record, or if the claimant should ask leave to withdraw it, such a motion must prevail, and such leave would unquestionably be granted. The latter is in effect just what this claimant has done. He has abandoned his claim and withdrawn it. Had he done this promptly, the question now before us would doubtless not have arisen, and it may be said that leave to withdraw will be granted only on terms. In this view the question would remain. The test would be the same if the motion were to dismiss, and if this prevailed the whole basis for the argument is taken away. We prefer, however, to base the conclusion reached upon the more substantial foundation of the provisions of the Food and Drugs Act itself. As before stated, it has in view the possibility that the thing seized may be sold, and it provides that in such an event the costs and expenses shall be taken out of the proceeds of sale. It also has in view the possibility that the article seized may be decreed to be destroyed, in which event no provision is made for the liability of any one for the costs and expenses. The decree here was to destroy.

The motion for the decree is denied. ·